■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CROSBY, Also Known as DENIS CROSBY, Appellant.— Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Slavin, J.), rendered January 8, 1990, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

On November 21, 1986, the defendant was convicted, upon a jury verdict, of criminal possession of a controlled substance in the first degree. Thereafter, this court reversed the judgment of conviction, on the law and as a matter of discretion in the interest of justice, and ordered a new trial on the grounds that the court had erred by submitting an improper verdict sheet and had made a charge error. This court noted, however, that "the facts have been considered and determined to have been established" (People v Crosby, 150 AD2d 478). The defendant subsequently pleaded guilty to criminal possession of a controlled substance in the third degree.

We find no merit to the defendant's claim that his guilty plea was barred by reason of double jeopardy. The reversal of the judgment of conviction upon a jury verdict was based solely on trial errors. The defendant's claim that the verdict was legally insufficient or against the weight of the evidence was considered on the prior appeal and rejected. Thus, double jeopardy principles did not preclude further prosecution of the defendant (see, People v Warren, 80 AD2d 905; People v Zagarino, 74 AD2d 115; People v Boynton, 67 AD2d 982). Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.